CHIEF JUSTICE DUVALL
deliyeeeb the opinion op the codkt:
Moore sold to Hutchings, by executory contract, a farm described in the bond as “containing one hundred and sixty acres, more or less, being the same land conveyed to me by Peter Funk,” whose conveyance is referred to, “to ascertain more particularly the metes and bounds of the land.” “The consideration is six thousand four hundred dollars, being at the rate of forty dollars per acre,” of which $2,500 was to be paid on the 1st March next after the date of the writing, and the residue in two annual instalments, for which Hutchings executed his notes. It was further stipulated that Moore was to give possession on the 20th March, 1860, and would “make a deed with clause of general warranty when the first payment is made.”
The action was brought by Moore to recover on the note given by Hutchings for the last installment of the purchase money, and also to recover $460, being the value of a surplus of 11-J- acres, at $40 per acre, which it is alleged is contained in the tract, as ascertained by survey, a plat and certificate of which were filed with the petition.
Hutchings answered, setting up the following matters of defense:
1st. That although he had made the 'first payment for the *112 land, the plaintiff had wholly failed to make him a deed, as stipulated in the bond, and could not, therefore, recover on the note.
2d. That the sale was not by the acre, but in gross, and,' therefore, he ought not to be compelled to pay for the alleged surplus.
,3d. That he had not “enough knowledge or information to constitute a belief, whether there is 11-^ acres of surplus land.” .
4th. That if there should be any such-surplus he tenders the same to the plaintiff, and offers to surrender and relinquish all claim thereto.
To this answer the plaintiff demurred, the demurrer was sustained, and judgment was rendered in favor of the plaintiff for both the sums claimed, to reverse which the defendant has appealed.
In regard to the first ground of defense relied on there can be no difficulty. The contract to convey the land and the contract to pay therefor, are mutual executory agreements, not dependent upon each other, and the non-performance of the one cannot be pleaded in bar to an action brought for the. breach of the other. (McCampbell, &c. vs. Miller, 1 Bibb, 454.) Whether covenants are to be treated as dependent or independent, is a question of construction, which must be determined by the intention of the parties, to be collected from the whole instrument, and there is nothing in this case to authorize the'conclusion that it was in the contemplation of either party that the payment of the last two instalments of the purchase money, for which separate notes were given, absolute in their terms, was to depend on the appellee’s compliance with his separate obligation to convey the title at the time fixed.
It is to be remarked, in this connection, that the alleged breach, by the appellee, of his covenant to convey, was set up merely as matter of defense to the action, and not as a ground of relief by way of counter-claim. Indeed he asserts no claim founded on the alleged non-performance of the appellee, asks for no relief in consequence of it, but relies on it for no other *113 purpose, and ascribes to it no other effect than that of defeating the recovery sought by the appellee. It has been decided by this court that a defendant is not required to denominate his answer a counter-claim when the facts as presented constitute a cause of action against the plaintiff’, arising out of the transaction set forth in the petition, &c., “with an appropriate prayer for relief.” (Branaman vs. Perkins, Mss. opin., 1856.) And it has also been decided, in several cases, that a counter-claim is substantially a cross-action by the defendant against the plaintiff, and that an answer setting forth a counter-claim must contain all the requisites of a petition founded on the same cause of action. (2 Met., 340 ; Mss. opin., June, 1858.) One of the requisites of a valid petition, as defined by the Code, is “ a demand of the relief to which the plaintiff considers himself entitled.” (Sec. 118, sub-sec. 4.) Of course we would notbe understood as intimating that this provision operates to restrict the plaintiff to the relief demanded.
The court below, therefore, did not erf in deciding that the portion of the answer we have been considering was insufficient either to defeat the action, or as a valid counter-claim.
2. That this was a sale, not in gross, but by the acre, is, we think, so evident, upon the face of the bond, that an argument to render the point more clear would be useless. It was the intent of the parties to sell, on the one hand, and to purchase, on the other, the farm, of the appellee, which is particularly described in the bond, and which was supposed to contain 160 acres, for the consideration of $6,400, “being at the rate of forty dollars per acre.” These latter words are utterly without meaning, except upon the hypothesis that the parties intended them to indicate the character of the sale, and to declare in terms that the sale was by the acre, and not by tjie-tract.
If then, as alleged, the tract contains a surplus of eleven and a half acres, worth, at the stipulated price per acre, four hundred and sixty dollars, the appellee is unquestionably entitled to compensation for such excess. It is only necessary to add, in relation to the fourth ground of relief set up in the answer, that the appellant’s offer to surrender the surplus land *114 was very properly rejected. In the case of Reed vs. Quisenberry, (Mss. opin., winter term, 1849,) it was decided that, in the sale of a tract of about 135 acres, a deficit of two acres was large enough, considering the price of the land, ($30 per acre,) to entitle the purchaser to relief.
3. We are of opinion, however, that the allegations of the petition, with respect to the quantity of the surplus, was sufficiently contraverted by the answer, and for that reason the demurrer should not have been sustained. The language of the defendant on this point is : he “has not enough knowledge or information to constitute a belief whether there is 11-J acres of surplus land, above the one hundred and ■ sixty acres, and denies that he is indebted” on account of said surplus, &c. This, we think, is equivalent, upon a fair interpretation of the language, to a denial of “any knowledge or information thereof sufficient to form a belief.” {Code, sec. 125.)
For the error indicated the judgment is reversed, and the cause remanded for further proceedings in conformity with this opinion.