No further appeal was taken. The plaintiffs discontinued the action.

---

## City Court.

*Trial Term—February,* 1884.

## LOUIS ZEIGER *against* JOHN J. NOLAN.

**Rights of strikers and the police.**—Any orderly body of men have the legal right to meet and discuss any question concerning their social or pecuniary welfare, and take any action in respect thereto, so long as it does not involve or tend to create a breach of the peace. One workman has the right to accost another in the street or elsewhere, and invite him to follow his example or join the Union. But if these rights are enforced in an illegal manner, the police have the right to interfere, and may, under all circumstances, prevent any threatened breach of the peace.

The plaintiff, a member of the Segar-makers' Protective Union, sued the defendant, a police officer, to recover $2,000 for an alleged assault and battery.

It appeared that Congress, in March, 1883, reduced the tax on tobacco, so that it aggregated $3 on 1,000 cigars. The Protective Union thereupon determined that it would be fair for the manufacturers to profit by this reduction at the rate of $2 a thousand, leaving

the other dollar a thousand for the men who did the work. The bosses refused to accede to the demand and the cigarmakers struck. Pickets were thrown out so as to inform the workers not belonging to the union of the determination arrived at. The plaintiff was one of those put upon picket duty near a large manufactory in South street near Oliver. The defendant, an officer connected with the Fourth Precinct, was charged with assaulting the plaintiff on April 25, 1883, while the strike was in progress. The officer contended that the plaintiff was disorderly, and that he, with others, was in the act of assaulting workmen leaving the manufactory, and that what he (the officer) did, was necessary to preserve the peace.

*Louis J. Post*, for plaintiff.

*R. J. Morrison*, for defendant.

Chief Justice McADAM in charging the jury said: —" The conflict between capital and labor cannot be determined by this controversy, which is one purely personal between the plaintiff on the one hand and the defendant, a police officer, on the other. The real question is, whether the defendant exceeded his duty as an officer, and whether, in consequence, the plaintiff suffered an injury, of which, as a citizen, he has a legal right to complain? In respect to the status of these parties I charge you, as a matter of law, that any orderly body of men have the legal right to meet and discuss any question concerning their social or pecuniary welfare, and take any action in respect thereto which they deem beneficial, so long as it does not involve or tend to create a breach of the public peace. I further charge that the plaintiff had the legal right to decline to work for his employer, unless the latter consented to pay the wages the former demanded;

Zeiger *v.* Nolan.

that the plaintiff had the right to invite others to join him in the course he had determined to pursue ; that he had the right to accost workmen in the street or elsewhere and invite them to follow his example or join the union. · If therefore you find that the plaintiff, while in the exercise of these legal rights, was wrongfully assaulted, knocked down and maltreated by the defendant, the plaintiff will be entitled to a verdict, the amount to be assessed by you, at such sum as you in your good judgment find, after deliberation, will compensate the plaintiff for the wrongs done ; the amount not to exceed $200, the sum demanded in the complaint. If, on the other hand, you find that the plaintiff undertook to enforce his rights in an illegal manner, that he, either alone or in company with others, used violence or threatened workmen who declined to think and act as he did, the defendant, as a police officer in the discharge of his duty, had the right to protect the workmen so threatened, and had the power to prevent any threatened breach of the public peace, and to use whatever force was necessary to accomplish this object." The jury retired, and subsequently returned with a verdict in favor of the plaintiff for six cents. The verdict, though small, was accepted as a judicial determination of the rights of the different parties, and as a precedent for future guidance.

The provisions of subdivision six of section eight of chapter one, title six, part four of the Revised Statutes, shall not be construed in any court of this State to restrict or prohibit the orderly and peaceable assembly and co-operation of persons employed in any profession, trade or handicraft, for the purpose of securing an advance in the rate of wages or compensation, or for the maintenance of such rates (*Laws* 1870, chap. 19). This act forms section 170 of the Penal Code. For the interpretations of various trade union acts, see People *v.* Fisher, 14 *Wend.* 9 ; Master Stevedores *v.* Walsh, 2 *Daly,* 1, Com. *v.* Hunt, 4 *Met.* 112 ; Reg. *v.* Shepherd, 11 *Cox Criminal Cases* 325; Reg. *v.* Druitt, 10 *Id.* 592; Work of Geo. Howell on the Conflicts

of Capital and Labor, pp. 343, 346. In the absence of some statute to the contrary, it would seem to be the inherent right of men either singly or in combination, to refrain and to peaceably persuade others to refrain, from doing what they are under no legal obligation to do. Intelligent reasoning and argument are allowable, while force and coercion are not.