## Holloway, et al. v. Holman.

(Decided November 11, 1924.)

### Appeal from Fulton Circuit Court.

1. Vendor and Purchaser—Failure to Convey Lots no Defense in Action on Notes.—Failure to convey lots for which notes were given held no defense to action on notes; properly executed deed being filed in action, and it not appearing that time was of essence.

2. Vendor and Purchaser—Where Contract to Convey and to Pay are Mutually Executory, Failure to Convey Cannot Avail as Defense to Action on Note.—Where contract to convey and contract to pay are mutually executory, and not dependent on each other, failure to convey cannot avail as defense to action on note.

HEBER FINCH for appellant.

H. T. SMITH for appellee.

OPINION OF THE COURT BY JUDGE McCANDLESS—Affirming.

Suit by S. B. Holman to recover $610.00 on two promissory notes. The defendants, Charles Holloway and T. F. Thompson, answering admitted the execution of the notes, but alleged that they were given as deferred payments on two town lots purchased at an auction sale conducted by Holman at Fulton, Tenn.; that it was represented the deed would be immediately made to the purchasers, and they had afterwards demanded same, but that no deed was delivered to them according to the terms of the contract; that they demanded their notes of Holman and some time afterward represented to him that they could dispose of the lots, and asked him to make a blank deed that might be delivered to their purchaser, and he failed to do this; that they were preparing to file suit in Obion county, Tennessee, to have the notes cancelled and for a rescission of the contract, and that Holman anticipated that action by filing this suit; that Holman at the time of the sale stated that no bid or purchase

would be valid unless he made a deed at once, and that if this was not done all purchase money would be refunded; that they are not supposed to know the laws of Tennessee, and that they ought to be allowed to treat the alleged contract as null and void in accordance with the terms of their contract; that the $300.00 paid was without consideration, the price of land has gone down and defendant is a nonresident and they cannot ask for a specific performance of the contract in this court.

The lower court sustained a demurrer to this pleading, and gave judgment for the plaintiff, and defendants have appealed.

We are unable to see any error in the action of the lower court. While it stated that there was no consideration for the notes sued on, the answer disclosed such consideration. It is not pleaded that the title to the lots is in anywise defective or that they are encumbered with liens of any kind, or that defendant was unable to secure possession of them. Indeed, construing the pleadings most strongly against them, the presumption must arise that possession was given. There is no claim that plaintiff was not at all times able to execute a proper deed. While not made a part of the pleadings he did file in this action a properly executed deed.

While it is alleged that the plaintiff stated that a deed would be made immediately or the sale would be invalid, the notes filed in this action are absolute and unconditional and no reason is given to show that time was of the essence of the contract, or that plaintiffs were in anywise injured by failure to execute a deed earlier. True it is alleged that they asked plaintiff to make a blank deed which they could use in making a sale of the property; but we cannot understand what use they could make of such instrument, or what value it would have been to them.

The rule is "that where a contract to convey and a contract to pay are mutually executory and not dependent on each other, a failure to convey cannot avail as a defense to an action on a note. Hutchins v. Moore, 61 Ky. 110.

Appellants may not know the Tennessee laws, and it is their misfortune that lands have declined in value, but neither can be urged as a defense in this action.

Wherefore, judgment is affirmed.