[No. 6,670.]

## REMINGTON *v.* HIGGINS ET AL.

EQUITABLE MORTGAGE—MISTAKE OF LAW — VENDOR'S LIEN.—The plaintiff agreed with the defendant, H., to sell him a tract of land—part of the purchase-money to be paid in cash, and the balance to be secured by a mortgage on the land—and at the request of H. the deed was made to his wife, and the notes and mortgage for the unpaid purchase-money executed by her. *Held*—not deciding but that the plaintiff may have waived his lien as vendor—that, as the parties had agreed for a mortgage, the transaction should be treated as an equitable mortgage to secure the unpaid portion of the purchase-money and interest.

ID.—ID.—EQUITY—MAXIM.—Equity will treat as done, that which the parties agreed to have done, and which ought to have been done.

ID.—ID.—ID.—Parties may be relieved from a mistake of law as well as of
fact.

ID.—ID.—VENDOR'S LIEN.—SHARPSTEIN, J., concurring: The acceptance of
a distinct and separate security for the purchase-money is *prima facie* a
waiver of the vendor's lien, but it is only *prima facie*, and may be rebutted.
In this case the plaintiff manifested throughout an intention to rely upon
the land as security for the purchase-money, and his vendor's lien was there-
fore not waived.

APPEAL from a judgment for the plaintiff, and from an or-
der denying the defendants a new trial, in the First District
Court, County of Ventura. FAWCETT, J.

The mortgage referred to in the opinion, together with the
acknowledgment, is attached to the complaint; and the latter
does not contain the clause, " and that she does not wish to re-
tract such execution." The execution of the mortgage is not
denied in the answer. The other facts are stated in the opinion.

*A. W. Thompson, Williams & Williams,* and *H. G. Platt,*
for Appellants.

The acknowledgment of the mortgage is fatally defective.
(*Selover* v. *A. R. C. Co.* 7 Cal. 274–5; *Barret* v. *Tewksbury,*
9 Id. 13; Civ. Code, §§ 1186, 1187, 1191; *McLeran* v. *Benton,*
43 Cal. 467.) The wife cannot alone execute a valid mortgage
of the community property. (Civ. Code, § 167; *Parry* v. *Kelley,*
52 Cal. 334.)

The rule as to equitable mortgages does not apply to this
case, where the instrument is clear and unambiguous—its legal
effect only being misunderstood. (*Peckham* v. *Haddock,* 36 Ill.
38–48.) Equity will not grant relief against a mistake of law.
(*Hunt* v. *Rousmaniere,* 1 Peters, 1; 2 Ves. & B. 51–3; 2 Johns.
Cas. in Chancery, 51–60; 45 Iowa, 324; 2 Cal. 586; 16 Id. 143;
20 Id. 637; 22 Id. 343; 28 Id. 632; 32 Id. 639; 52 Id. 656; 12
Peters, 32, 55, 56; Broome's Leg. Max. 6th ed. 263–268; 14
Penn. St. 541; 27 Conn. 104; 49 Id. 434; 40 Md. 387; 40 Ind.
366; 47 Ga. 500; Bisham's Eq. 187; 2 Mass. 342; 48 N. Y.
415; 45 Iowa, 324; 51 Ala. 484; 3 Daly, (N. Y.) 428; 4 Lans.
242; 1 Story's Eq. 113; 64 N. Y. 457; 3 N. Y. 19; 10 Barb. 9;
28 Cal. 637; 13 Iowa, 113; 54 N. H. 463; 21 Ala. 252.)

The verbal agreement of the husband created no lien, as a mortgage lien upon real estate cannot be created by parol. (Civ. Code, § 2922; Code Civ. Proc. §§ 1971, 1973; *Porter* v. *Mullen*, 53 Cal. 677; *Wells* v. *Harter*, filed March 19th, 1880; *Stoddard* v. *Harter*, 23 N. Y. 561.) The taking of the notes and mortgage of the wife deprived respondent of his vendor's lien, and he is not exempted from the effect of this rule because the mortgage is worthless. (Civ. Code, § 3046; 1 Jones on Mort. 209, 207; 2 Cal. 138, 143; 12 Id. 301; 15 Id. 86; 17 Id. 74; 21 Id. 172; 23 Id. 633; 24 Id. 397; 28 Id. 632; 50 Id. 23; 21 Ill. 175; 37 Id. 184; Thomas on Mort. 31; 3 Oreg. 417; 80 Ill. 81; 1 Gilm. [Ill.] 501; 4 K. C. 163; 2 Sugd. Vend. 59.)

The plaintiff has mistaken his remedy. His only mode of relief is by rescission.

*N. C. Bledsoe*, and *Hall & Hatch*, for Respondent.

The genuineness and due execution of the mortgage was admitted. (Code Civ. Proc. § 447.) Section 2922 of the Civil Code has reference only to statutory or legal mortgages. The same law has been in effect since 1850. (Stat. 1863–4, p. 50.) Notwithstanding these statutory provisions, this Court, in the case of *Daggett* v. *Rankin*, 31 Cal. 322, held " that an agreement in writing to give a mortgage, or a mortgage defectively executed, or an imperfect attempt to create a mortgage, or to appropriate particular property to the discharge of a particular debt, will create a mortgage in equity, or a specific lien upon the property so intended to be mortgaged."

The attempt to create a security in legal form upon specific property having failed, effect is given to the intention of the parties, and the lien is enforced as an equitable mortgage. (Jones on Mort. § 163–9; *Love* v. *S. N. L. W. & M. Co.* 32 Cal. 639.)

Department No. 2, MYRICK, J.:

An agreement was made between plaintiff and defendant C. P. Higgins for the purchase from plaintiff of a parcel of land

at the price of $1,200; $300 to be paid in hand, and the payment of the balance to be secured by mortgage on the premises. At the request of C. P. Higgins, plaintiff executed a deed of the premises to A. J. Higgins, wife of C. P. Higgins, the latter of whom paid the $300 as agreed, and the wife executed promissory notes for the balance, and a mortgage of the lands to secure the payment of the same. The husband did not join in the execution of the notes or mortgage, but they were executed at his request and in pursuance of the agreement between himself and plaintiff. Both husband and wife took possession of the land, and have ever since occupied it. Subsequently the husband paid $108 interest on the debt; the balance not having been paid, plaintiff brings his action for a foreclosure. The defendant Meredith is a junior incumbrancer with full notice.

The defense is, that by the conveyance to the wife the property became the community property of the husband and wife; that under § 167 of the Civil Code, which provides that the community property is not liable for the contracts of the wife, the mortgage is void; that plaintiff might have had a vendor's lien, but he waived it by taking the notes and mortgage, even though the mortgage be void; that this is not a case for a Court of Equity to give relief by holding the existence of an equitable mortgage, for the reason that there was no mistake of fact, but a mistake of law; and plaintiff, having by mistake of law taken what he supposed to be, but is not, a valid mortgage, he is now bound by that mistake, and must abide the consequences.

Admitting that the transaction did not create a mortgage in law, and not deciding but that plaintiff may have waived his lien of a vendor, we are of opinion that plaintiff has a lien upon the premises by way of equitable mortgage, to secure the unpaid portion of the purchase-money and interest. The husband, in bargaining for the premises, agreed that a mortgage should be given; a paper was executed in pursuance of that agreement, which was supposed by the parties to have accomplished that object. It now appears that that paper is invalid as a mortgage: equity will treat that as done which the parties agreed to have done, and which ought to have been done. This

Court decided, in *Love* v. *S. N. L. W. & M. Co.* 32 Cal. 639, that a mistake of law as well as of fact will be considered, and the parties relieved from its consequences. Reference may also be made to *Daggett* v. *Rankin*, 31 Cal. 321, and *Racouillat* v. *Sansevain*, 32 Id. 389, where the doctrine of equitable mortgages is recognized and sustained.

Our view that this should be treated as an equitable mortgage is based upon the facts that the husband, in bargaining for the land, agreed that a mortgage should be given for the unpaid portion of the purchase-money; in pursuance of that agreement, the wife, at the request of the husband, executed a paper intended to be a mortgage, but which in law is not such; and that a Court of Equity will, under such circumstances, carry out the intention and agreement of the parties.

Plaintiff had judgment in the Court below for a sale of the premises in aid of the lien; defendant moved for a new trial, which was denied; defendants appealed. Judgment and order affirmed.

MORRISON, C. J., and THORNTON, J., concurred.

SHARPSTEIN, J., concurring:

If the wife, who received the conveyance and executed the notes and mortgage, had been capable of executing a valid mortgage upon the premises, and had failed to do so through defective execution, there would be no difficulty in holding the mortgage so executed to be an equitable mortgage. But that is not this case. Here the wife had no legal or equitable title to the land, and could not execute a valid mortgage upon it; and as the instrument which she did execute was void, I do not think that it constituted a waiver of the plaintiff's right to a vendor's lien upon the premises for the unpaid purchase-money. (*Davis* v. *Cox*, 6 Ind. 484.)

Under our Code the effect of the plaintiff's deed was the same as if it had been executed to the husband. And the transaction must be treated as it would be if the land had been conveyed to him, and his wife had executed a mortgage upon it to secure the payment of the purchase-money. She purchased nothing, obtained no title to anything, and gave no security for

the payment of anything.    Under the circumstances it seems to me that she might, with perfect propriety, be left out of view altogether, and the case be considered as one in which the husband purchased the land, acquired the title, paid a part of the purchase-money, and gave no security for the payment of the balance.

If the plaintiff has done any act manifesting an intention not to rely upon the land for security, his claim to a vendor's lien cannot be maintained.    But the facts as found by the Court satisfy me that the plaintiff throughout manifested an intention to rely upon the land as security for the payment of the purchase-money, for which credit was given.    The very instrument which it is claimed constituted a waiver of the vendor's lien purports to be a mortgage upon the land sold by the plaintiff.    Besides, the Court finds that it was agreed between the vendor and the vendee, that the payment of so much of the purchase-money as was not paid at the time of the execution of the conveyance should be secured by a mortgage upon the land conveyed.    No such mortgage was ever executed, but the agreement to execute it on the one side and to accept it on the other shows that it was the intention of the vendor to rely upon the land for security.

As it was said in *Dunghaday* v. *Paine*, 6 Minn. 304, " A vendor taking security upon the land sold, does not, therefore, by that act, waive his equitable lien, provided that he has expressly agreed with the purchaser that it shall be retained.    Where such agreement has been made, the lien will attach to the property in the hands of the vendee, and all persons claiming under him, with notice of the agreement."

The prevailing rule undoubtedly is, that the acceptance of a distinct and separate security for the purchase-money is *prima facie* a waiver of the vendor's lien.    But it is only *prima facie* evidence of it, and may be rebutted.    If there is anything in this case which tends to prove that the vendor ever intended to waive his security upon the land for the payment of the unpaid purchase-money, it has not been brought to my attention.

As the result, so far as this case is concerned, is the same, whether these or the views of the majority of the members of the Court be correct, I concur in the judgment affirming that of the Court below.