[No. 13196.  Department Two. — March 13, 1891.]

## HERMAN PEERS ET AL., RESPONDENTS, *v.* THOMAS McLAUGHLIN ET AL., APPELLANTS.

EQUITABLE MORTGAGE — LIEN FOR PURCHASE-MONEY — MORTGAGE BY NATURAL GUARDIAN OF MINORS. — A mortgage signed by a father for himself and as guardian of his minor children, given to secure the balance of the purchase price of land conveyed to himself and them, may be enforced as an equitable mortgage upon the whole land, and the interest of the minors acquired under the deed is subject to its lien, though it does not appear whether any portion of the money paid belonged to the minors, or whether the father was or was not in fact the guardian of their estates.

ID. — MORTGAGE DEFECTIVELY EXECUTED. — A mortgage defectively executed, or an imperfect attempt to create a mortgage upon specific property for the purpose of securing a debt, creates in equity a specific lien upon the property intended to be mortgaged.

ID. — MAXIM OF EQUITY. — Equity treats that as done which the parties agreed to have done, and which ought to have been done.

ID. — TAKER OF BENEFIT MUST TAKE BURDEN. — No person, whether a minor or adult, can apply to his own use the beneficial part of a transaction and reject its burdens.

APPEAL from a judgment of the Superior Court of Contra Costa County.

The facts are stated in the opinion of the court.

*Chase & Chase,* and *C. Y. Brown,* for Appellants.

The parent, as such, has no control over the property of minor children, and the mortgage as to them cannot be foreclosed. (Civ. Code, sec. 202.) If the action is to enforce a vendor's lien, the action cannot be maintained, because security has been taken, and plaintiffs were dealing with minors at their peril. (*Tripp* v. *Duane,* 74 Cal. 91, and authorities cited; *Hunt* v. *Waterman,* 12 Cal. 301; *Camden* v. *Vail,* 23 Cal. 633; *Remington* v. *Higgins,* 54 Cal. 620; *Salmon* v. *Hoffman,* 2 Cal. 139; 56 Am. Dec. 322; *Gouldin* v. *Buckelew,* 4 Cal. 107.)

*J. M. Seawell,* and *Reinstein & Eisner,* for Respondents.

An agreement in writing to give a mortgage or a mortgage defectively executed, or an imperfect attempt

to create a mortgage or to appropriate specific property to the discharge of a particular debt, will create a mortgage in equity, or a specific lien on the property so intended to be mortgaged. (*Daggett* v. *Rankin*, 31 Cal. 321; *Racouillat* v. *Sansevain*, 32 Cal. 389; *Remington* v. *Higgins*, 54 Cal. 623, 624.) If, in the case at bar, the deed had been made to the father alone, and he had afterwards conveyed to the children, the land in their hands would without question have been subject to the mortgage. The change in the form of the transaction should not deprive plaintiff of his lien. (*Davenport* v. *Murray*, 68 Mo. 198; *Hunt* v. *Marsh*, 80 Mo. 396.) It is no objection to the enforcement of the lien of an equitable mortgage that the mistake which rendered the attempted mortgage invalid was one of law. (*Remington* v. *Higgins*, 54 Cal. 620; *Love* v. *S. N. W. & M. Co.*, 32 Cal. 639; 91 Am. Dec. 602.) If the transaction did not create an equitable mortgage, the plaintiffs nevertheless retained a vendor's lien upon the interests of the infants for the unpaid portion of the purchase-money. (*Griffin* v. *Blanchar*, 17 Cal. 74; Jones on Liens, sec. 1090; *Davenport* v. *Murray*, 68 Mo. 198; see also *Hunt* v. *Marsh*, 80 Mo. 396; *Duke* v. *Balme*, 16 Minn. 309; *Haugh* v. *Blythe*, 20 Ind. 24; *Armstrong* v. *Ross*, 20 N. J. Eq. 120, 121.) It was not necessary for plaintiffs to exhaust their legal remedies before proceeding to enforce their vendor's lien. (*Burgess* v. *Fairbanks*, 83 Cal. 215; 17 Am. St. Rep. 230.)

DE HAVEN, J. — The court below adjudged that defendant Thomas McLaughlin is indebted to the plaintiffs in the sum of $1,615.24, and that said indebtedness is a lien upon the land described in the complaint, and directed that it be sold to satisfy said lien. All of the defendants appeal from this judgment. There is no bill of exceptions in the record. The findings show the following facts: The defendants John Thomas Edward McLaughlin and Margaret McLaughlin are minor chil-

dren of the defendant Thomas McLaughlin.   In March, 1884, the plaintiffs and the defendant Thomas McLaughlin made an agreement, the plaintiffs to convey to said Thomas McLaughlin and his said minor children the land described in the complaint for the sum of two thousand five hundred dollars, and at the same time the defendant Thomas McLaughlin paid to plaintiffs on account of said purchase, the sum of thirteen hundred dollars, and the balance of twelve hundred dollars was to be paid October 1, 1884.   On October 10th following, this balance was still unpaid, and it was then agreed between plaintiffs and the defendant Thomas McLaughlin, " for himself and his said children, . . . . that plaintiffs should execute a deed . . . . of said . . . . land to Thomas McLaughlin and his said children, and that the said balance of said purchase price . . . . should be secured by a mortgage upon said lot of land."

Thereupon plaintiffs conveyed said land to the defendant McLaughlin and his said minor children, at the same time receiving back a note for twelve hundred dollars, and a mortgage to secure it upon the land conveyed. The mortgage recited that " Thomas McLaughlin, John Thomas Edward McLaughlin and Margaret McLaughlin " are parties thereto of the first part, and was signed,—

" THOMAS McLAUGHLIN.   [Seal]

" THOMAS McLAUGHLIN,   [Seal]

"Guardian of the persons and estates of John Thomas Edward McLaughlin and Margaret McLaughlin, minors."

The note was also signed by Thomas McLaughlin for himself, and also, below, as guardian for the said minors.

The court further finds " that said deed and mortgage were drawn by one Oliver Walcott, an attorney at law, who represented to said plaintiffs that said mortgage was sufficient to create a lien for said sum of twelve hundred dollars, upon the interests of said children as well as upon the interest of said Thomas McLaughlin

in said lot of land, and that said plaintiffs, when they
executed said deed and received the mortgage, believed
that said mortgage was sufficient and effective " for that
purpose.

It is claimed by the defendant minors that the judg-
ment is erroneous, in so far as it makes the said indebt-
edness of the defendant Thomas McLaughlin a lien
upon their interest in the land so conveyed to them.

There is nothing in the case showing that any portion
of the money paid by the defendant Thomas McLaugh-
lin belonged to said minors, or whether he was or was
not in fact the guardian of their estates.

We are of the opinion that upon the facts appearing
here the mortgage referred to may be enforced as an
equitable mortgage upon the whole land, and whatever
interest the defendant minors may have acquired therein
by virtue of the deed referred to is subject to its lien.

The principle is well settled in equity that a mortgage
defectively executed, or an imperfect attempt to create a
mortgage upon specific property for the purpose of se-
curing a debt, will create a specific lien upon the prop-
erty so intended to be mortgaged. ( *Daggett* v. *Rankin*,
31 Cal. 327; *Love* v. *S. N. L. W. & M. Co.*, 32 Cal. 652; 91
Am. Dec. 602.)

In *Remington* v. *Higgins*, 54 Cal. 620, which was an
action aga nst husband and wife, the facts were, that the
husband bargained for land, agreeing that a mortgage
should be given to secure the purchase price, and at his
request the deed was made to his wife, and she executed
the mortgage. This mortgage was, however, invalid,
because, by the conveyance to the wife the property be-
came community property, and as such was not subject
to mortgage by the wife. In dealing with that state of
facts, the court uses this language: "Admitting that the
transaction did not create a mortgage in law, and not
deciding but that plaintiff may have waived his lien of
a vendor, we are of the opinion that plaintiff has a lien

upon the premises by way of equitable mortgage to re-
cover the unpaid portion of the purchase-money and
interest. The husband in bargaining for the premises
agreed that a mortgage should be given; a paper was
executed, in pursuance of that agreement, which was sup-
posed by the parties to have accomplished that object.
It now appears that that paper is invalid as a mortgage.
Equity will treat that as done which the parties agreed
to have done, and which ought to have been done."

So in this case, the father agreed that the balance of
the purchase price should be secured by a mortgage of
the land conveyed, and we presume that the one under
consideration was executed by him in good faith to carry
out that agreement, and the court below finds that the
plaintiffs accepted it under the belief that it was a valid
lien upon the whole land they were conveying, and it
was because the plaintiffs so relied upon it that the de-
fendants were enabled to acquire any interest in the
land. We have not overlooked the fact that in all the
cases above cited the persons against whom the imper-
fect instrument was enforced had the capacity to make
a valid contract, while by the judgment here it is the
land of minors who were and are incapable of contract-
ing for land, and, in a general sense, of ratifying such a
contract, against which this mortgage is enforced.

But this fact ought not, under the circumstances here
disclosed, to prevent the application of the equitable rule
which lies at the foundation of these cases. It must be
borne in mind, also, that the agreement of the father
and his assumed agency in accepting a deed in pursu-
ance of the agreement is the source or foundation of all
the right, legal or equitable, which these minors have in
the land. The deed was made to them solely by direc-
tion of the father. That was the form which the trans-
action took, and in equity the agreement that the
purchase price should be secured by a mortgage upon
the land, the conveyance and the mortgage must be re-

garded as one transaction, and no person, whether minor or adult, can be permitted to adopt that part of an entire transaction which is beneficial, and reject its burdens.

This commanding principle of justice is so well established, that it has become one of the maxims of the law. The father acted for the children, and they must either accept or repudiate the entire contract which he made; they cannot retain its fruits and at the same time deny its obligations.

"A party cannot apply to his own use that part of the transaction which may bring to him a benefit, and repudiate the other, which may not be to his interest to fulfill. Thus it had been held that an infant cannot avoid a mortgage and affirm a deed, when both are made at one and the same time, relate to the same property, and go to make up one transaction. If the mortgage be avoided under the plea of infancy, the deed becomes of no effect." (*Heath* v. *West*, 28 N. H. 108.)

In this case the minors are before the court, and have filed an answer by their guardian *ad litem*. They have not disclaimed the title vested in them by the deed procured under the circumstances stated, but seek to defeat the lien of plaintiffs' mortgage, so far as their title is concerned, by the plea "that they have not ratified any contract relating to the sale of said lot, and that they are incapable of ratifying the same." But what the rules of equity would not permit them to do if they had attained their majority they cannot be permitted to do now through their guardian *ad litem*.

Judgment affirmed.

Sharpstein, J., and McFarland, J., concurred.