In re STANDARD LAUNDRY CO.

(District Court, N. D. California. November 27, 1901.)

No. 3,186.

BANKRUPTCY—LIENS—ESTOPPEL OF TRUSTEE TO CONTEST.

A trustee in bankruptcy cannot attack the validity of a chattel mortgage on property of the bankrupt, which was expressly recognized by a recital in the bill of sale by which the bankrupt obtained title, that he took the property subject to such mortgage, and assumed its payment. In such case the trustee occupies no better position than the bankrupt, and neither can hold the property and repudiate the mortgage.

In Bankruptcy. On review of order of referee.

Crowell & Leach, for trustee.

S. B. McKee, for Muller.

DE HAVEN, District Judge. This is a petition by the trustee for the review of an order made by the referee directing him to pay to one Muller the proceeds arising from the sale of certain personal property. The order is based upon a finding that the property was subject to the lien of a chattel mortgage held by Muller. It is undisputed that the bankrupt acquired title to the personal property mentioned in the findings of the referee, under a bill of sale executed to it by Muller, which contained a recital that the property was purchased by the bankrupt, "subject to a chattel mortgage for $1,000.00 now subsisting upon the said personal property, and which is assumed to be paid by the second party hereto." At the date of the bill of sale Muller was the holder by assignment of the chattel mortgage thus referred to, and the foregoing recital shows, and the referee so finds, that it was the evident intention of the parties to the bill of sale that this mortgage should be recognized as a subsisting lien upon the property transferred. It is claimed by the trustee—First, that the mortgage covers some property which cannot be made the subject of a chattel mortgage, under the laws of this state; second, that it is void because not executed in accordance with the statute

relating to chattel mortgages; and, lastly, that, if ever valid, the mortgage lien had been merged in the legal title, and was conveyed by Muller to the bankrupt, and that such lien was not revived by the recital contained in the bill of sale. It is a sufficient answer to all of these contentions to say that the trustee is, in respect to the property conveyed by the bill of sale, in privity with the bankrupt, and is therefore estopped by the above recital from disputing that the mortgage to which the recital refers constitutes a valid lien upon the property described therein. Freeman v. Auld, 44 N. Y. 50. It was said by Justice Story in the case of Mitchell v. Winslow, 2 Story, 630, Fed. Cas. No. 9,673, "that it is a well-established doctrine that (except in cases of fraud) assignees in bankruptcy take only such rights and interests as the bankrupt himself had, and could himself claim and assert, at the time of his bankruptcy; and consequently they are affected with all the equities which would affect the bankrupt himself if he were asserting those rights and interests." This case does not belong to that class of cases in which a trustee or assignee in bankruptcy is permitted, as the representative of the creditors, to recover property which has been transferred by the bankrupt in fraud of creditors. There was nothing in the transaction by which the bankrupt acquired title to the property referred to, of which its creditors have the right to complain. The bankrupt did not thereby transfer or incumber any property in fraud of its creditors, and the trustee here occupies no better position than would the bankrupt if it were assailing the validity of Muller's mortgage, and cannot be permitted to claim the property for the benefit of the estate, and at the same time repudiate the agreement under which the bankrupt acquired title thereto. "A party cannot apply to his own use that part of the transaction which may bring to him a benefit, and repudiate the other, which may not be to his interest to fulfill." Heath v. West, 28 N. H. 108; Peers v. McLaughlin, 88 Cal. 294, 26 Pac. 119, 22 Am. St. Rep. 306.

The order of the referee is affirmed.