[Civ. No. 2725.   Third Appellate District.—February 25, 1924.]

BANK OF SUISUN (a Corporation), Plaintiff, v. J. ALLEN FISKE et al., Defendants; ALDEN AMES, Appellant; WILLIAM PIERCE, Respondent.

[1] MORTGAGES — INDEBTEDNESS EVIDENCED BY NOTES — PLEADING — FINDINGS—VARIANCE.—In this action to foreclose a mortgage, in which a second mortgagee and a judgment lien claimant each claimed to be entitled to the surplus after the payment of the first mortgage, there was no material variance between the allegation of the cross-complaint of the second mortgagee that the mortgage under which he claimed was given to secure an open account, and its transmutation into a form evidenced by a note in a given amount, and the findings of the trial court which showed that the basis of the entire indebtedness was an open account and was augmented as such and was from time to time evidenced in

the total thereof by successive notes given to cover the increased indebtedness, the last of which notes corresponded to that pleaded in the cross-complaint.

[2] ID.—GIVING OF NEW NOTE—EXTINGUISHMENT OF DEBT.—The cancellation and surrender of an old note and the giving of a new one does not extinguish the debt.

[3] ID.—COMMUNITY PROPERTY—SIGNATURE BY WIFE ALONE—VALIDITY.—A mortgage upon community real property standing of record in the name of the wife is valid and sufficient, though signed by the wife alone, where such mortgage is so executed at the request of the husband and upon his procurement, under a belief that his signature is not necessary, and such mortgage is given to secure an indebtedness of the husband, evidenced by a promissory note signed by both husband and wife, and such note recites that it is secured by the mortgage executed by the wife.

APPEAL from a judgment of the Superior Court of Solano County. W. T. O'Donnell, Judge. Affirmed.

The facts are stated in the opinion of the court.

W. U. Goodman for Appellant.

Gregory & Goodell for Respondent.

PLUMMER, J.—The plaintiff, the Bank of Suisun, began an action to foreclose a first mortgage upon certain lands and premises belonging to the defendant Fiske, situated in the county of Solano, upon which the respondent Pierce claims a second mortgage and the appellant Ames claims a lien by virtue of an attachment and judgment, second only to the lien held by the plaintiff. Foreclosure was had and after the settlement of the amount due the Bank of Suisun there remained a surplus of $2,170.29. The right to this surplus gives rise to the present controversy now before this court. The respondent Pierce, to whom was awarded the sum just referred to, claims the same by virtue of a mortgage lien evidenced by certain deeds alleged as having been executed as security only. The appellant Ames, as just stated, claims the surplus by virtue of the judgment founded upon attachment proceedings instituted against the defend-

2. Renewal note as discharging original, notes, **Ann. Cas.** 1915A, 1084, 1094.

ants Fiske, and to support his claim alleges that the lien claimed by the respondent Pierce is invalid. The trial court made lengthy findings of fact which, among other things, found that the respondent had an equitable mortgage second only to the lien of the plaintiff herein, and that as a holder of such second lien was entitled to the fund remaining after the satisfaction of the plaintiff's claims.

While several causes are alleged by appellant as reasons why the judgment of the trial court should be reversed, only two of them need to be considered; first, that the findings are not supported by the pleadings; second, that the instrument executed by the Fiskes does not constitute a mortgage or give the respondent Pierce any lien upon or right to the surplus fund awarded him.

The appeal is upon the judgment-roll alone. The pleadings, as they refer only to the controversy between the appellant and the respondent, are set out in the transcript and the theory upon which the cause was tried is not disclosed to this court.

Are the findings supported by the pleadings? Paragraph 2 of the respondent's cross-complaint alleges as follows: "That on the 28th day of March, 1916, the defendant, Elsie Latimer Fiske made, executed and delivered to the defendant Pierce that certain Indenture which is annexed to this answer as Exhibit 'A' and hereby made a part hereof; that said Indenture was made, executed and delivered as aforesaid as security for a balance due and payable upon an open account from defendants, Elsie L. Fiske and Jay Allen Fiske to defendant, Pierce.''

Finding 4 is as follows: "The court further finds that at the time said indenture 'Exhibit A' was executed and delivered, said Jay Allen Fiske and Elsie Latimer Fiske signed and delivered to said William Pierce a writing reading as follows, to wit:

"'Suisun, California, March 28, 1916.
"'$5290.00.

"'For value received, two (2) years after date, we jointly and separately promise to pay to the order of William Pierce the sum of Five Thousand two hundred ninety Dollars with interest at the rate of seven per cent (7%) per annum from date until paid. Interest to be paid semi-annually and to be added to and become part of the principal if not so paid,

and thereafter bear the same rate of interest. In the event of default of interest or principal for a period longer than sixty (60) days, buth interest and principal to become immediately due. Interest and principal payable in United States Gold Coin.

" 'J. Allen Fiske.
" 'Elsie L. Fiske.

" 'This note is secured by the following:

" 'Deed, Elsie L. Fiske to William Pierce of even date, covering sixty-three (63) acres of land, located in Green Valley, Solano County, California.' "

Finding 2, in relation to Exhibit "A" and the note to which we have referred, is as follows: "That on the 28th day of March, 1916, the defendants Jay Allen Fiske and Elsie Latimer Fiske, wife of said Jay Allen Fiske, made, executed and delivered to said William Pierce that certain indenture, a copy whereof is annexed to the answer and cross-complaint of William Pierce herein in this action as 'Exhibit A' thereto, to which reference is hereby made, and which 'Exhibit A' is hereby made a part hereof by reference; that said indenture was made, executed and delivered as aforesaid, as security for a balance of money due, owing and payable from said defendants Jay Allen Fiske and Elsie Latimer Fiske to said William Pierce.

"The court finds that the promissory note dated March 28, 1916, for $5290.00 was given by said Jay Allen Fiske and Elsie Latimer Fiske merely as evidence of an indebtedness in said amount then owing to said William Pierce, 'and that said indebtedness was secured by said indenture dated March 28, 1916, and the court finds that said note was cancelled and surrendered up by said William Pierce upon a new promissory note being given him by said Jay Allen Fiske and Elsie Latimer Fiske, but the court finds that neither said note nor said indebtedness was fully paid or satisfied, and that said indenture continued and remained as security for the balance which remained owing to said William Pierce after said note for $5290.00 was surrendered up by him."

After alleging the execution of Exhibit "A," as set out in paragraph 2 of plaintiff's cross-complaint, there is an allegation that on or about the twenty-fifth day of June, 1917, a settlement of accounts was had between the defendants

Fiske and the respondent Pierce, and it was then ascertained that the amount due Pierce, the respondent, was the sum of $10,600, and a note evidencing that amount was thereupon executed and delivered by the defendants Fiske to the respondent Pierce; that thereafter and on or about the first day of November, 1917, it is alleged that the indebtedness from the Fiskes to the respondent Pierce had increased to the sum of $12,000, and that thereupon a note in that sum was executed and delivered by the defendants Fiske to the respondent Pierce. It appears that as the successive notes were executed in the increased amounts the previous notes for the lesser sums were surrendered. By reference to finding 2 it will be seen that the court found that the original note given for the sum of $5,290 was given to evidence the amount of an indebtedness then existing and the amount of money which was then owing from the defendants Fiske to the respondent Pierce, and that the Exhibit "A" referred to in the complaint was made, executed, and delivered as security for the payment of whatever money was due and owing from the defendants Fiske to the respondent Pierce. It further appears that the notes were not paid. The indebtedness was not paid but successive notes were given to evidence the amount thereof.

By following the steps of this recital, it will be seen that there was an existing indebtedness at the time of the execution of the first note and also at the time of the execution of the deed given as a mortgage hereinbefore referred to, that the indebtedness appears to have been an open account and the notes were simply evidences of the amount due, that this account increased from time to time and as the amount owing was from time to time ascertained, the subsequent notes were executed and delivered. [1] Upon this statement we do not see that there is any material variance between the allegation in the cross-complaint that the mortgage was given to secure an open account, and its transmutation into a form evidenced by a note in the sum of $12,000, and the findings of the court, which we have hereinbefore set forth. In other words, both the complaint and the findings when analyzed show that the basis of the entire indebtedness was an open account and was augmented as such and was from time to time evidenced in the total thereof by the successive notes given as hereinbefore referred to.

'Upon this question we need only cite one authority. In *Sather Banking Co.* v. *Briggs,* 138 Cal. 724, on page 733 [72 Pac. 352, 355], the court says: ''The general rule is that 'no change in the form of indebtedness or in the mode or time will discharge the mortgage. A mortgage secures the debt and not the note or bond or other evidence of it. No change in the form of the evidence or the mode or time or times—nothing short of actual payment of the debt, or an express release—will operate to discharge the mortgage. The mortgage remains a lien until the debt it was given to secure is satisfied, and is not affected by a change of the note or giving a different instrument as an evidence of the debt, or by a judgment at law on the note merging the original evidence of indebtedness.' ''

[2] The authorities are numerous to the effect that the cancellation and surrender of an old note and the giving of a new one does not extinguish the debt. In this particular it must be remembered that the original note of $5,290 was given to cover the amount of the open account at the time the mortgage was executed and that the sum evidenced thereby has never been paid.

We think the foregoing statement shows clearly that there was no variance of any material consequence, and, hence, a *résumé* of the numerous authorities cited by appellant is unnecessary.

The next point made for reversal which we will consider is that the Exhibit ''A'' herein referred to did not and does not constitute a mortgage and valid lien because it was signed only by the defendant Elsie Latimer Fiske. It appears from the transcript that the sixty-three acres of land covered by the deed was conveyed to Elsie Latimer Fiske after she had become the wife of Jay Allen Fiske. Under this state of fact, it is contended that, by reason of the provisions of section 172 of the Civil Code, the husband has the complete management and control of the community property, and that as the court found the property conveyed to Elsie Latimer Fiske was community property, her signature to the instrument in question did not give to it any vitality. The trial court found, however, that the mortgage in the form of a deed was given at the direction and procurement of the defendant Jay Allen Fiske; that the

indebtedness was his indebtedness, and that he signed the note hereinbefore set out. The fact that Jay Allen Fiske did not sign the deed executed as a mortgage appears to have been the result of the belief that as the property stood in the name of his wife, his signature was unnecessary.

[3] A number of cases have been cited to the effect that a conveyance of community property made and executed by the wife alone is inoperative. This, of course, is a correct statement of the law, but the principle announced in such cases we think inapplicable to the questions herein presented for consideration. As just stated, the debt was the husband's debt. The note evidencing such indebtedness was signed by him. It had appended thereto an annotation that it was secured by the certain mortgage or deed given as a mortgage. The court finds that this mortgage or instrument was given at his request and upon his procurement. This brings the circumstances of this case directly in line with the following authorities. In *Remington* v. *Higgins,* 54 Cal. 620, it appears that one Remington agreed to sell to Higgins a parcel of land for the sum of $12,000, $300 in cash and the remainder to be secured by a mortgage on the premises. Conveyance was made of the premises to the wife of the defendant Higgins; she alone executed the notes and the mortgage. The husband paid the $300 and also a subsequent sum. In upholding the instrument as a valid mortgage in equity the court says: "The husband did not join in the execution of the notes or mortgage but they were executed at his request and in pursuance of the agreement between himself and plaintiff. Both husband and wife took possession of the land, and have ever since occupied it. Subsequently the husband paid $108 interest on the debt; the balance not having been paid, plaintiff brings his action for a foreclosure." The court then, in dealing with the defense set up, that under the provisions of section 167 of the Civil Code, which provides that as community property is not liable for the contracts of the wife, the mortgage is void, etc., and also the defense that the instrument created no lien, proceeded to discuss the questions presented and then held as follows: "We are of the opinion that plaintiff has a lien upon the premises by way of equitable mortgage, to secure the unpaid portion of the purchase money and

interest. . . . That equity will treat that as done which the parties agreed to have done, and which ought to have been done.''

This case is cited with approval in *Peers* v. *McLaughlin,* 88 Cal. 294 [22 Am. St. Rep. 306, 26 Pac. 119], where it is again said: ''The principle is well settled in equity that a mortgage defectively executed, or an imperfect attempt to create a mortgage upon specific property for the purpose of securing a debt, will create a specific lien upon the property so intended to be mortgaged.''

In the more recent case of *Beckwith* v. *Sheldon,* 168 Cal. 742 [Ann. Cas. 1916A, 963, 145 Pac. 97], the supreme court of this state, citing with approval the cases of *Remington* v. *Higgins, supra,* and *Peers* v. *McLaughlin, supra,* states the law as follows: ''With regard to that part of the judgment which declares a lien on the property of the company, we need only say that, under the well established principle of equity that that which ought to have been done will be deemed to have been done, it is held that where a party agrees to give a mortgage or lien on property, or imperfectly attempts to execute such mortgage or lien, upon a valuable consideration received, a court of equity, upon a proper showing, will create a specific lien on the property intended to be hypothecated, and enforce the same.''

After the giving of the mortgage in the form of a deed executed by Elsie Latimer Fiske, the wife, the husband, Jay Allen Fiske, obtained further moneys and continued to obtain further moneys and credits until the amount due, at the time of the foreclosure proceedings had herein, the sum of $12,000 was due and owing by the Fiskes, both husband and wife, to the respondent Pierce. Upon such a showing there seems to us no question as to the duty of the court of equity in relation to the deed signed only by the wife, and that the holding could only be to the effect that the instrument constituted a mortgage.

Upon the record, the presumption would be that when the property in question was conveyed to the wife it was conveyed as separate property, and that her mortgage executed therein, even though signed by herself alone, was presumptively valid and a notice to all the world. The court, however, found that the property was community

property, as herein stated, upon which was a valid and subsisting mortgage.

The foregoing are the only vital questions involved in this appeal, and as we agree with the conclusion of the trial court, it is ordered that the judgment entered herein be and the same is hereby affirmed.

Hart, J., and Finch, P. J., concurred.

A petition by appellant to have the cause heard in the supreme court, after judgment in the district court of appeal, was denied by the supreme court on April 24, 1924.

All the Justices concurred.