MARGARET H. HOLDSWORTH *vs.* MARY E. TUCKER.

Bristol.   Oct. 27, 1886. — Jan. 10, 1887.   DEVENS & W. ALLEN, JJ.,
absent.

In an action on a bond for the conveyance of a parcel of land, it appeared that one of the boundaries of the land as described in the bond was "southerly by F. Street;" and that the boundary as given in the deed tendered was "south by the north line of contemplated F. Street." It further appeared that, when the parties met, before the trial, the only objection made by the plaintiff to this description was to the word "contemplated." At the trial the plaintiff took the objection that the description in the deed did not convey the land to the centre of the street. On the question whether the plaintiff had waived this objection, the judge instructed the jury that, if the plaintiff, when the parties met, was willing to take the deed notwithstanding this variance, and only insisted on the other variance, whether he knew there was such a variance or not was immaterial. *Held*, that this ruling was erroneous.

CONTRACT on a bond in the sum of $300, dated February 19, 1884, executed by the defendant, and conditioned for the conveyance by her to the plaintiff, upon tender by the plaintiff of a certain sum within one year from date, of a parcel of land in Fall River, described as bounded "northerly, by other land of said Mary E. Tucker, sixty feet; easterly, by land of grantor, one hundred and five feet; southerly, by Field Street, sixty feet; and westerly, by land of Robert Holdsworth, one hundred and five feet."

Trial in the Superior Court before *Hammond*, J., who allowed a bill of exceptions, in substance as follows:

A few days before the maturity of the bond the plaintiff notified the defendant that she would be ready to take the deed and pay the money, and called with her husband on the defendant and her husband on February 17, 1885, with the money.

The defendant's husband showed the deed he had had prepared. This described the southerly boundary as follows : " South by the north line of contemplated Field Street." The plaintiff's husband read the deed through, and the plaintiff objected to the use of the word " contemplated," and made no other objection to the deed tendered, at any time before the trial of the case. The defendant refused to strike out the word " contemplated." On February 18, the parties again met at the defendant's house, and the deed was again tendered ; the plaintiff again refused to take the deed unless the word " contemplated " was struck out; this was again refused. On February 19, the parties again met, and the same objection was made. During the day, the plaintiff consulted counsel as to the legal effect of the word "contemplated," and as to whether it complied with the terms of the bond ; but the deed was not shown to counsel. In the evening the parties again met, and the plaintiff, besides her husband, brought with her one Greenwood. The plaintiff demanded a deed, and the defendant offered and tendered the same deed, and again the plaintiff objected to the use of the word " contemplated," and demanded that it be struck out. Greenwood took the deed, read it through, and then compared it with the bond, and then stated to the defendant that the word " contemplated " was the only objection made. The plaintiff refused to take the deed. At the trial she said, on cross-examination, that the only objection she had to the deed was the use of the word " contemplated," and her husband testified the same way.

The defendant's husband in her presence said, " I tender you this deed ; " the plaintiff refused to take it, and made no other objection. The deed never passed out of the defendant's possession, except, at the various interviews, for inspection and comparison with the bond, neither did the plaintiff ever ask to take it for the inspection of her counsel. The plaintiff never showed the deed to counsel, or other person skilled in conveyancing. It was not contended by the defendant that the plaintiff or her

husband had any special knowledge of conveyancing, or of the legal language of deeds.

It appeared that the lot in question was one of a large number laid out on the defendant's farm, a plan thereof having been made, and duly recorded.

Field Street was not a public highway, and had no existence except on said plan, but was open to public travel its full width, and extended from Stafford Road, or Six Rod Way, to the public highways. The evidence at the trial showed that the boundaries in the deed tendered passed all the land in the bond by a good title and correct description, except only that the southerly boundary was south by the north line of contemplated Field Street, instead of by Field Street.

During the trial, the judge ruled, as matter of law, that, under the circumstances above disclosed, the use of the word "contemplated" was the same in legal effect, as far as the validity of the deed was concerned, as if it had been omitted. The plaintiff, at the close of the evidence, for the first time objected to the expression "south by the northerly line of contemplated Field Street," as not in compliance with the terms of the bond. The defendant contended that, upon the evidence, there had been a waiver on the part of the plaintiff of any such defect. The judge ruled that this was a matter of fact for the jury to determine.

Upon the question of waiver, the plaintiff requested the judge to instruct the jury as follows: "1. Unless the defendant offered to give a deed without the word 'contemplated,' as requested by the plaintiff, the plaintiff cannot be held to have waived other objections to the deed tendered. 2. If the defendant had offered to give a deed omitting that word, the plaintiff would still have the right to object to the whole of the southerly boundary of the deed, because it is expressed ' by the northerly line of Field Street,' instead of 'southerly by Field Street,' as expressed in the bond, whether she raised the objection before action brought, or on the completion of the evidence at the trial, and before argument to the jury. She was not bound to accept a deed bounding on the northerly line of a street instead of by a street. The deed tendered was not such a deed as the plaintiff was bound to accept. The words used, ' on the line of a street,' instead of ' by a street,' have not the same legal effect. 3. To make a waiver

of a defect valid, the jury must be satisfied that it was made understandingly by the parties, and was so understood by them. If such a defect in the boundary is not such as an unskilled person would ordinarily understand, the defendant has no right to infer that it was waived by silence, unless from all the circumstances the defendant had a right to infer such a waiver. 4. If she had received the deed with 'contemplated' stricken out, and was ignorant of the distinction between bounding on the line instead of by the street, she still would have a remedy on her bond for failure to bound the premises as stipulated therein."

The case went to the jury only on the question of waiver. After instructing the jury on the point as to the use of the word " contemplated," as before stated, and the question of damages, the judge proceeded as follows:

" The deed however bounds by the northerly line, therefore you will see that there was a variance between the land called for by the bond and the land described in the deed. That variance consisted in excluding from the land called for by the bond that portion which was in the street. Now that was a material variance; it was not such a deed as the plaintiff was entitled to receive in that respect, and were it not for the question of waiver, I should rule to you, as matter of law, that it was not such a deed as the plaintiff was entitled to receive, and that no proper deed was tendered; but the defendant comes into court and says that is an objection which the plaintiff here has not a right to insist upon, because she waived it when the deed was tendered. You may have rights, gentlemen, and you may waive them, but there are times when you must insist upon them, or forever hold your peace as to those rights. The question is, whether you are satisfied upon the evidence that the plaintiff waived that objection to the deed. Did she waive it? You have seen her upon the stand. You can understand the nature of the thing which she did waive, the nature of the variance, if anything was waived at all. Was it waived?

" The parties met apparently for the purpose of carrying out the contract. If that deed was unsatisfactory in any respect, it was then the duty of the plaintiff to make known to the defendant in what respect it was unsatisfactory, so that the defendant could fix it, and change it to make it satisfactory.

" The law upon the subject is substantially this: if the plaintiff at that interview waived all objections to the deed excepting this one arising from the word 'contemplated,' or if she used language at that interview which was intended and calculated to convey to the defendant the idea that she waived all other objections, then all objections which could have been fixed at that time are waived, and she has gone by the time when she could insist upon it.

" If the plaintiff waived, or used such language as was intended and calculated to convey to the defendant the idea that she waived, this objection to the deed, which she now insists upon, then upon the evidence in the case I instruct you that she cannot here insist upon it. If you find that she did waive it, then your verdict will be for the defendant. If you find that she did not waive it, then your verdict will be for the plaintiff."

After retiring to consider the verdict, the jury returned and the foreman asked for further instructions. The judge thereupon said to the jury:

" I instruct you, for the purposes of this case, that if the plaintiff was willing to take that deed, notwithstanding this variance, but insisted on a change in the other respect, — namely, as to the word 'contemplated,' — whether she knew there was a variance or not in this case would be immaterial. If she was willing there to take that deed, and made no other objection to it, except that the word 'contemplated' was there when it ought not to have been, or by her language intended and calculated to give the plaintiff the idea that she would take the deed if she would change it as to 'contemplated,' and made no trouble about this, then she cannot now insist that the deed was wrong in that particular."

The jury returned a verdict for the defendant; and the plaintiff alleged exceptions.

*J. Brown*, for the plaintiff.

*H. K. Braley*, for the defendant.

FIELD, J. The waiver set up is not of a condition precedent, or of the time, place, or manner of the performance of a contract; if it can be called a waiver at all, it is a waiver of the right to require a conveyance of all the land which the defendant by the bond was bound to convey. If the plaintiff had

accepted the deed tendered, it would have been a question for the jury whether she thereby waived a claim for damages occasioned by the failure of the defendant to convey all of the land described in the bond, and the knowledge or ignorance of the plaintiff, when she accepted the deed, of the defect in the description of the land, would be material upon the question of waiver. There are indeed acts to which the law affixes a specific effect independently of the intention of the parties, but the acts of the parties in this case are not of that character. *Fox* v. *Harding*, 7 Cush. 516. *Moulton* v. *McOwen*, 103 Mass. 587. *Taylor* v. *Cole*, 111 Mass. 363. *Palmer* v. *Sawyer*, 114 Mass. 1. The plaintiff did not accept the deed, and the defence is, that, although the defendant did not offer to perform her contract according to its terms, yet the plaintiff waived the defect in the offer which was made. As the defect relates to the quantity of land to be conveyed, the defence is in effect that the plaintiff agreed to accept a substituted performance for that which the contract required, and that the defendant offered to perform the contract according to the new agreement; or, if put on the ground of waiver, that the plaintiff intentionally relinquished to the defendant the right to require a conveyance of the land to the centre line of Field Street.

It may be assumed that in this Commonwealth, in an action upon a contract under seal which is executory upon both sides, the defendant may show in defence, that, before any part of the contract has been executed, and before a breach, the parties have agreed to vary its terms, and that the defendant offered to perform the contract as thus varied. *Rogers* v. *Rogers*, 139 Mass. 440. But whether the defence is put upon the ground of waiver or of a new agreement, it is necessary to show an assent to the change on the part of the plaintiff.

In *Darnley* v. *London, Chatham, & Dover Railway*, L. R. 2 H. L. 43, it is said by Lord Chelmsford, on p. 57, "A waiver must be an intentional act with knowledge;" and by Lord Cranworth, on p. 60, "When parties, who have bound themselves by a written agreement, depart from what has been so agreed on in writing, and adopt some other line of conduct, it is incumbent on the party insisting on, and endeavoring to enforce, a substituted verbal agreement, to show, not merely what he understood to

be the new terms on which the parties were proceeding, but also that the other party had the same understanding — that both parties were proceeding on a new agreement, the terms of which they both understood."

In such a case as the present, knowledge on the part of the plaintiff of the form in which the deed and bond were written, if she was ignorant of the legal effect of the language, would not be conclusive against her right of action, even if she had been willing to accept the deed tendered, and had so declared, but for an objection which should be held to be groundless. A mistake in the legal effect of the words in a deed, if it were mutual, or if the words were used by accident or by fraud on the part of the defendant, would be corrected in equity. *Canedy* v. *Marcy*, 13 Gray, 373, 377. *Stockbridge Iron Co.* v. *Hudson Iron Co.* 107 Mass. 290, 319. See *Watson* v. *Watson,* 128 Mass. 152.

In *Dresel* v. *Jordan,* 104 Mass. 407, which was a bill in equity for specific performance of an agreement to buy a parcel of land, the defendant agreed to assume a certain mortgage then existing upon the land. The deed tendered contained a condition that this mortgage should be paid by the grantee. The difference in legal effect between a grant upon such a condition and a grant subject to a mortgage which the grantee assumed, was well known to the defendant's attorneys, and the objection to the deeds on this ground had been considered by them, and was held to have been in fact waived.

In *Gerrish* v. *Norris,* 9 Cush. 167, the justice who presided at the trial did not rule that the defendant, " by not taking the objection to the deed at the time it was tendered which he now raises," waived the objection, but submitted the question of waiver to the jury. The statement in the first paragraph of the opinion, however, is too broad if applied to substantial changes in contracts, and seems to have misled the presiding justice in the case at bar.

It does not appear in the present case that the defect in the deed was noticed by the plaintiff, or that the effect of the language used was discussed or considered by the parties; the dispute was wholly upon another matter, and the instructions of the court were in effect, that, if the plaintiff was willing to

accept the deed if the word "contemplated" was stricken out, she waived the substantial mistake in the boundary of the land, whether she knew of it or not. We think that this ruling is erroneous. The jury could not properly find that the plaintiff waived this defect in the deed, unless they found she knew of it, and assented to the change in the boundary. Such assent need not be expressed in terms, but it must be found to have existed as a fact. No question of estoppel, as distinguished from waiver, arises in these exceptions, and we are not called upon to decide whether, if the defendant intended to deliver a deed in conformity with the bond, and the mistake was not pointed out or known to her until the trial, she might not then have tendered a sufficient deed, and, under an amendment of her pleadings, have proved these facts in mitigation of damages.

For the reasons given, a majority of the court are of opinion that the *Exceptions must be sustained.*