[Sac. No. 933. Department One.—October 8, 1902.]

## R. M. KEE, Respondent, v. JOHN T. DAVIS, Appellant.

EXCHANGE OF LAND—INDEFINITE STATEMENT OF ENCUMBRANCE—REFORMATION OF CONTRACT—SPECIFIC PERFORMANCE.—In an action to reform and specifically enforce a contract for an exchange of land, where it is alleged and found, upon the preponderance of evidence, that an indefinite description merely of the amount of an encumbrance upon the land of the plaintiff occurred through mutual mistake in omitting to state the kind of encumbrance, and to give its terms, which were supplied by pleading and proof, it is a proper case to have the contract first reformed so as truly to express the intention of the parties, and then specifically enforced.

ID.—PAROL EVIDENCE.—In an action to reform a contract, parol evidence is admissible to show that the writing through mistake does not express the intention of the parties, and does not contain their real contract.

APPEAL from a judgment of the Superior Court of Stanislaus County and from an order denying a new trial. William O. Minor, Judge.

The facts are stated in the opinion of the court.

P. J. Hazen, for Appellant.

Edward J. Hill, L. L. Dennett, and E. B. Learning, for Respondent.

VAN DYKE, J.—The action is to reform a written contract for the exchange of real estate owned by the respective parties, and when so reformed to have it specifically enforced. The action was tried by the court sitting with a jury, a jury having been requested by defendant, and twelve special issues were submitted to the jury at the trial and found in favor of the plaintiff. The court approved the special verdict and made findings of its own in favor of the plaintiff, and thereupon entered a decree reforming the instrument as prayed for, and also decreed a specific performance of the contract so reformed.

The defendant appeals from the judgment, and also from the order denying his motion for a new trial. The instrument for the exchange of the lands contained the following words in reference to the land owned by the plaintiff and to be transferred to the defendant: "Subject to encumbrance of $3,000," whereas it was alleged in the complaint, and found by the court and jury, and so decreed, that the contract in this respect should have been written as follows: "Subject to a mortgage of $3,000, due two years from date, and to bear interest at the rate of eight per cent per annum, interest payable annually." In the statement on motion for a new trial insufficiency of the evidence to support the findings is alleged in general terms, without specifying in what particulars the evidence is insufficient. However, from an examination of the evidence there appears a substantial conflict, with a preponderance in favor of the verdict and findings.

Rulings of the court against defendant's objection in reference to admitting and excluding evidence are assigned as error. In appellant's brief it is said: "These will be found at folios 133, 160, 177, and 126, and an examination thereof will demonstrate our claim that such rulings were errors for which the case should be reversed." We have examined the folios of the transcript referred to, and fail to agree with counsel that the rulings of the court in the particulars stated were erroneous.

It is contended by appellant that the instrument in question could not be reformed and then specifically enforced—that it was too indefinite. It appears, however, from an inspection of the agreement that the only indefinite portion about it was that in reference to encumbrance, without stating what kind

of encumbrance, and giving its terms. This was remedied by reforming the instrument in the particulars stated. It was claimed that this occurred through mutual mistake, and this being the case, as alleged and found, it is a proper case to have the contract reformed so as to truly express the intention of the parties (Civ. Code, sec. 3399), and "a contract may be first revised and then specifically enforced." (Civ. Code, sec. 3402.)

But it is contended further by appellant that the writing itself is the best evidence, and parol testimony cannot be introduced to contradict it or vary its terms. This, however, is a case where the writing itself, through mistake, does not express the intention of the parties who entered into it, or one of them, and does not therefore contain the real contract between the parties.

The judgment and order are affirmed.

Garoutte, J., and Harrison, J., concurred.

Hearing in Bank denied.