## TOSSINI v. DONAHUE et al.

Where, in a suit for specific performance of a written contract to convey land, defendant pleaded that the written instrument by a mistake of the attorney did not express the contract as made, in that it omitted to reserve to defendant all rights appurtenant to the land in and to the portion of the Big Sioux river adjacent thereto, and

prayed that the contract be reformed, parol evidence was admissible to show that it was agreed that defendant reserved to himself all rights and interest in the river and the bed thereof, and that such reservation was omitted by mutual mistake.

In a suit for specific performance of a written contract for the conveyance of land, evidence **held** to sustain a decree modifying the contract by inserting a reservation to defendant of all rights in and to the river adjoining the land which had been omitted from the contract by mistake and granting specific performance of the contract as reformed.

(Opinion filed, July 8, 1908.)

Appeal from Circuit Court, Minnehaha County. Hon. JOSEPH W. JONES, Judge.

Bill by Joseph Tossini against Daniel Donahoe and others. From a judgment reforming a contract for the conveyance of real estate and granting specific performance of the contract as reformed, plaintiff appeals. Affirmed.

*C. A. Christopherson* and *S. H. Wright,* for appellant. *Bates & Parlinan,* for respondents.

CORSON, J. This is an appeal by the plaintiff from a judgment and order denying a new trial. The action was instituted to enforce the specific performance of a written contract entered into between the plaintiff and the defendant, and the complaint is in the usual form.

The defendant in his answer to the plaintiff's complaint admits that he and the defendant executed the contract set forth in the complaint, but he "alleges that at and prior to the time of signing of said contract the said defendant not only owned the land mentioned and described therein, but also owned a portion of the Big Sioux river adjoining said land; that at the time defendant agreed to sell plaintiff the land described in said contract, and at the time of signing of such contract, it was expressly understood and agreed by and between plaintiff and defendant that defendant should only sell plaintiff the land therein described, and that defendant reserved to himself all rights and interest of every kind in and to the said Big Sioux river, and the bed thereof, and that plaintiff should acquire no rights of any kind in said river, except the right to pump and use sufficient water therefrom to irrigate said land, but that by a mutual mistake of plaintiff and defendant no clause was

inserted in said contract expressly reserving such right to the defendant."

The court, among other findings, finds the facts substantially as set out in defendant's answer, and concludes, as matter of law, "that the written contract, signed by plaintiff and defendant, March 2, 1896, be reformed to conform to the agreement made and entered into by and between plaintiff and defendant, at and prior to said time, by adding thereto, immediately after the reservation of a right of way over said land, the following: "It is expressly understood and agreed that second party acquires no rights of any kind in the Big Sioux river, adjoining the land hereinbefore described, and hereby conveyed, except the right to pump and use sufficient water therefrom to irrigate said land; and said first party hereby expressly reserves all his right, title, and interest in and to said river and the bed thereof." And the plaintiff is entitled to a specific performance of the contract as reformed. And judgment was thereupon entered adjudging the plaintiff entitled to a decree and a deed with the reservation as stated in its conclusions of law.

It is disclosed by the record that in 1896 the defendant entered into a contract with the plaintiff to convey to him a certain tract of land situated on the Big Sioux river upon the payment of the sum of $1,000 evidenced by promissory notes, the last of which fell due January 1, 1900; that in November, 1899, a second contract was entered into between the said defendant and the said plaintiff and his wife Anne Tossini, which latter contract seems to have been executed by the said Tossini and wife to secure the payment of a certain sum of money advanced by the said defendant to them, and which describes the said property substantially as described in the first contract, but modifies the amount and time of payment to some extent. It is further disclosed by the record that at the time the defendant executed the first and second contracts he had a building thereon used as an ice house on the bank of the river, and that his sons used the same for the purpose of storing ice taken from the river, and it was used for that purpose up to the time of the commencement of this action, and the land upon which this building stood and right of way thereto were reserved in the contract. On the trial evidence was admitted by the

court over the objections of the plaintiff; counsel tending to prove an agreement between the parties in reference to the land extending under the river, and that the same should be reserved in the conveyance.

It is contended by the appellants that the evidence introduced by the defendant tended to vary and contradict the terms of the written contract, and were therefore inadmissible. It is insisted on the part of the respondent that the evidence tended to prove a mutual mistake of the parties, caused by the omission of the attorney, drawing the contract, to so draw it as to carry out the agreement and intention of the parties, and that the evidence was inadmissible for the purpose of showing such mistake in the contract as drawn, and under which the defendant was entitled to a reformation of the contract and its enforcement only as so reformed. We are of the opinion that the court ruled correctly in admitting this eidence for the purpose of showing such mistake in the contract. The rule as contended for by the appellants is undoubtedly the correct rule as applicable when there are no facts stated, or claim made authorizing a reformation of the same. But where, as in the case at bar, there is a defense interposed setting up facts showing a mistake in the contract in drawing the same, and claiming that the same should be reformed, a different rule applies.

Mr. Pomeroy in his work on Equitable Jurisprudence, § 854, states the rule applicable to such cases as follows: "If, on the other hand, after making an agreement, in the process of reducing it to a written form, the instrument, by means of a mistake of laws, fails to express the contract which the parties actually entered into, equity will interfere with the appropriate relief either by way of defense to its enforcement, or by cancellation, or by reformation, to the same extent as if the failure of the writing to express the real contract was caused by a mistake of fact." Mr. Story in his work on Equitable Jurisprudence, § 115, states the rule applicable to such a case as follows: "Where an instrument is drawn and executed, which professes, or is intended to carry into execution an agreement previously entered into, but which, by mistake of the draftsman, either as to fact or to law, does not fulfill the intention,

or violates it, equity will correct the mistake so as to produce a conformity to the instrument." In 9 Enc. of Evidence, 343-4, the law applicable to this class of cases is thus stated: "The fact that by reason of a mistake the actual agreemnt of the parties is not expressed therein, as that something is contained in the writing which should not be there, or that some provision or term of the agreement is omitted therefrom, may be shown by parol evidence, especially in a proceeding in equity to cancel or reform the instrument, or as a defense to a proceeding for the specific performance of a writing." Pitcher v. Hennessey, 48 N. Y. 415; Meyer v. Lathrop, 73 N. Y. 315; National Ass'n v. Sturtevant, 78 Hun. 572, 29 N. Y. Supp. 529; Kee v. Davis, 137 Cal. 456, 70 Pac. 294, 671; Cooper v. Potts, 185 Pa. 115, 39 Atl. 824; Holdsworth v. Tucker, 143 Mass. 375, 9 N. E. 764; C. & E. I. Ry. Co. v. Hay, 119 Ill. 493, 10 N. E. 29; Stines v. Hays, 36 N. J. Eq. 364; Remington v. Higgins, 54 Cal. 620; MacKay v. Smith, 27 Wash. 442, 67 Pac. 982; Botorff v. Lewis, 121 Iowa, 27, 95 N. W. 263.

It is further contended by the appellant that, assuming such evidence was admissible, the findings of the court are not supported by the same, but we are of the opinion that the evidence was sufficient to support the findings of the court. While there is a conflict in the evidence, it is quite clear that the defendant did not intend to convey to the plaintiff any portion of the land covered by the river and that it was understood between the defendant and the plaintiff that the contract was one to convey the land described, with the reservation of the bed of the river, and that it was the intention of both parties to have the contract so drawn that the right to the use of the river was to be reserved to the respondent, and that the failure to make this reservation in the contract was caused by a mistake of the attorney in failing to insert the same in the contract. While it seems to be conceded by the respondent that the premises described in the contract would include the bed of the river as provided by section 289 of the Civil Code, the circumstances connected with the transaction and the construction given to the contract by the parties in connection with the evidence in the case, clearly established the claim of the respondent that the bed of the river was not intended to be included in the

contract, and was, by the original agreement, reserved as claimed by the respondent.

It is disclosed by the evidence, as before stated, that at the time the contract was entered into the plaintiff was in possession of an icehouse on the bank of the river within the described boundaries of the premises, and that his sons were engaged in the business of cutting and storing ice for the purpose of sale; that the appellant desired the land contracted for, for the purpose of a garden and that the land including the river bed embraced about 10 acres, and that the land excluding the river bed embraced about 6 acres; that the respondent in the contract reserved the icehouse and the right of way thereto; that the appellant entered into immediate possession of the land, and has used the same for garden purposes up to the time of the trial; and that the respondent and his sons continued the business of cutting and storing ice for sale from the time of the contract until within a short time before the trial, a period of nearly 10 years.

Taking these facts into consideration it would seem to be quite improbable, therefore, that the respondent intended to convey to the appellant that portion of the premises included within the description covered by the waters of the river, and thereby deprive himself of the right to continue the business of cutting and storing ice for sale without obtaining the right so to do from the respondent upon such terms as he might demand. The facts, also, that the respondent continued his business of cutting and storing ice for nearly 10 years without objection from the appellant, and that the appellant entered into the immediate possession of the premises, and continued to use the same for garden purposes, making no objection to the use of the waters of the river by the respondent, tend strongly to prove that the contract made, and intended to be made, did not include that portion of the premises included in the bed of the river, and that the same was to be reserved as claimed by the respondent from the premises so agreed to be conveyed. The construction given to a contract by the parties thereto and acted upon by them had no doubt great weight, and properly so, with the court in its consideration of the evidence in the case.

In construing the evidence in the case, and the weight which should be given to the same it was proper for the court to place itself in the position of the parties at the time the contract was entered into, and to take into consideration the object and purpose of the contract. The court, therefore, very properly found that the contract as actually made between the parties did not include the bed of the river, and that only the land necessary and useful for gardening purposes was in fact included in the original agreement, and that the contract as drawn should be reformed so as to correspond with that agreement.

Finding no error in the record, the judgment of the court below and order denying a new trial are affirmed.