## RIGGS LAND CO. v. MOTLEY et al.

To an action by the purchaser to reform a contract of sale of land and obtain its specific performance, the owner, who subsequently conveyed to another, is an absolutely necessary party.

A contract cannot be reformed, and specific performance decreed, unless all the necessary parties are before the court.

Failure to raise the objection of absence of a necessary party does not affect the rule that all necessary parties must be before the court.

(Opinion filed, Jan. 12, 1910.)

Appeal from Circuit Court, Spink County. Hon. CHAS. S. WHITING, Judge.

Action by the Riggs Land Company against H. H. Motley and another. From a judgment for Motley, and an order denying a new trial, plaintiff appeals. Affirmed.

*Bruell & Morris*, for appellant. *Sterling & Clark*, for respondent.

SMITH, J. On July 30, 1906, the plaintiff, Riggs Land Company, entered into a written contract with one David Blankenhorn for the purchase of certain lands owned by Blankenhorn. The contract as found by the court, contained a clause providing that time should be of the essence of the contract. Thereafter Blankenhorn, claiming that the Riggs Land Company had failed to comply with the terms of said contract, and that he was no longer bound thereby, sold the land to the defendant Motley, who paid full value therefor, and went into possession thereof. In February, 1907, the Riggs Land Company began an action, naming as defendants both Blankenhorn and Motley, alleging that by mutual mistake of the parties the written instrument did not express the true contract, and asking that the same be reformed, and that the court thereupon decree a specific performance thereof. The summons was duly served on Motley on

February 5, 1907, and an attempt made to serve the same on Blankenhorn, which attempted service was set aside and vacated by the court, before the trial. No further attempt appears to have been made to obtain service on Blankenhorn, but the action was brought on for trial to the court at the May term, 1907, of the circuit court of Spink county. Thereafter, on September 12, 1907, the court duly made findings of fact and conclusions of law, reciting, among other things, the foregoing facts as to the attempted service on Blankenhorn, and upon such findings and conclusions entered its judgment in favor of the defendant Motley. From this judgment and an order overruling its motion for a new trial the plaintiff appeals.

Numerous assignments of error appear in the record; but, in the view we take of this case, the same need not be considered. It is urged by respondent that Blankenhorn was an absolutely necessary party to this action, and with this view we must agree. Upon appellant's own theory of the case there could be no decree awarding specific performance against Motley until the contract made by Blankenhorn was reformed so as to express the real intention of the parties thereto. That a contract may be reformed and specific performance thereof decreed in the same action, when all the necessary parties are before the court, is not controverted. Tossini v. Donahoe, 22 S. D. 277, 117 N. W. 148. That such relief cannot be granted unless all the necessary parties are before the court is equally well settled.

Nor does the failure of a party to make an objection on the ground of the absence of necessary parties affect the rule. In Osterhoudt et al. v. Bd. Sup'rs et al., 98 N. Y. 239, the court says: "The distinction is between those who are necessary parties and those who are proper parties merely. When persons who are necessary parties are not joined, the court will not proceed until they are brought in. It will not render a fruitless judgment, nor will it undertake to decide a single right in the absence of persons who are entitled to be heard in respect to it, and who may be prejudiced by the decision. It was the practice in chancery to permit the objection for defect of parties to be taken by demurrer or answer, or at the hearing. Story's Eq.

Pl. p. 75; Van Epps v. Van Deusen, 4 Paige (N. Y.) 64 (25 Am. Dec. 516). Under the Code the court is bound to take the objection when a proper case is presented." The primary purpose of this action was to obtain, first, a reformation of the contract; second, specific performance thereof. Blankenhorn was an absolutely necessary party, and such relief could not be granted in his absence. Motley was not a party to the contract, and could not be required to specifically perform a contract he had not made. Doyle v. Birdsell et al., 21 S. D. 353, 112 N. W. 855. We do not mean to hold that Motley could not be bound by a decree entered against Blankenhorn, requiring him to convey the land to plaintiff under the contract. If Motley purchased the land from Blankenhorn with full notice of plaintiff's rights under the contract, the plaintiff would be entitled to have entered, as part of the decree, an order canceling the deed from Blankenhorn to Motley, and forever barring and restraining Motley from making any claim to the land thereunder. But such relief would be merely ancillary to the decree for specific performance of the contract, and could not be had independently of such decree.

The judgment and order of the trial court are affirmed.

WHITING, P. J., took no part in this decision.