[L. A. No. 4640.    Department Two.—April 15, 1919.]

N. McCOMBS et al., Respondents, v. W. J. CHURCH et al., Appellants.

[1] VENDOR AND VENDEE — EXCHANGE OF REAL ESTATE — NATURE OF AGREEMENT—EXCHANGE AT FIXED PRICE PER ACRE—FINDING SUPPORTED BY EVIDENCE.—In this action arising out of an exchange of real estate, it is held that the finding that the parties contemplated an exchange at a fixed price per acre and not a sale in gross of property with fixed boundaries, is supported by the evidence.

[2] ID.—WORDS "MORE OR LESS."—Where it is shown that the parties undertook the one to convey, and the other to receive, a tract of land at so much per acre, the words "more or less" in the instruments involved in the transaction cannot be said to conflict with the intent of the parties that payment should be made for the exact amount of land conveyed, be it "more or less" than the round number chosen to describe the acreage.

[3] EVIDENCE—WRITTEN INSTRUMENT—PAROL PROOF—APPEAL—OBJECTION IN TRIAL COURT.—An objection that parol proof was proffered for the purpose of altering or varying a written agreement cannot be considered on appeal, where the record does not show any objection to such proof in the trial court.

[4] Id.—Mistake—Failure of Writing to Express Real Intent of Parties—Parol Proof Admissible.—In a case where the writing itself, through mistake, does not express the intention of the parties who entered into it, or one of them, and does not therefore contain the real contract between the parties, the objection as to parol proof is without merit.

[5] Pleading—Sufficiency of Complaint—Support of Judgment.— The contention that a complaint does not state a cause of action because it fails to aver that the mutual mistake pleaded as a cause of action did not arise from the negligence of the plaintiff, cannot be sustained after judgment, where the fact that such negligence did not contribute to the mistake is fairly inferable from all the allegations of the complaint, and no demurrer was interposed thereto.

APPEAL from a judgment of the Superior Court of Los Angeles County. John W. Shenk, Judge. Affirmed.

The facts are stated in the opinion of the court.

Valentine & Newby for Appellants.

Muhleman, Crump & Williams for Respondents.

LENNON, J.—This is an appeal from a judgment in favor of the plaintiff in an action arising out of an exchange of real estate. The merits of the appellant's motion for a new trial, which was denied, are involved in the appeal from the judgment.

The facts are these: The plaintiffs owned and resided upon a tract of land in Orange County which they believed contained ten acres. The plaintiff N. McCombs brought the defendant Church to this tract and pointed out its boundaries, stating that he bought it for ten acres and that he supposed it to contain that much. The exchange, which also involved properties belonging to Church, was made by Church for the land as pointed out by McCombs. It was thought by both parties at this time that the tract contained ten acres.

An agreement in writing consisting of a proposal and an acceptance was executed wherein the McCombs' property was thus described: "Second piece of property owned by N. McCombs, situated in Orange County, State of California, containing ten acres, two miles west of Fullerton, California, on good roads boulevard, improved with five-room California

cottage, six acres in two year old valencias, four acres in one year old valencias, two acres oat hay, three acres potatoes, two acres cabbages." The valuation fixed upon the property was eleven thousand dollars. This was subsequently merged in a new written agreement consisting of escrow instructions deposited with a title insurance company. In execution of the escrow instructions, McCombs executed a deed to Church for "lots seven and eight of Stern and Nicolas subdivision of sections 31 and 32, township three south, range ten west, S. B. B. & M. as appears on a map plat thereof recorded March 9th, 1903, in book 3, page 13, of the miscellaneous maps, records of Orange County, California, estimated to contain 10 acres of land more or less." In keeping with the escrow agreement, Church executed a mortgage back to McCombs on the same lands.

Five months later the deed and mortgage were sent to another title company for recordation, McCombs having announced the perfection of his title. The deed and mortgage were returned by the title company with a letter calling attention to the fact that the east acre of lot 8 had been sold, and that the description in the plaintiff's deed and the defendant's mortgage back should except from the description of lot 8 the acre so sold from said lot 8. The eastern boundary of the land of the plaintiffs was marked by a fence which was to the west of the easterly acre theretofore sold. The fence was pointed out by the plaintiff N. McCombs as his boundary line. His property was planted in oranges. The property to the east was not. The defendant actually received the property pointed out by the plaintiff N. McCombs with the boundaries indicated by him.

Upon receipt of the letter from the title company calling attention to the fact that one acre out of lot 8 had been previously sold, McCombs and Church, believing that this fact reduced the acreage of the land conveyed from ten to nine acres, effected a new agreement whereby the one thousand three hundred dollar mortgage was canceled and in lieu thereof a payment of two hundred dollars in cash was made and the escrow instructions and agreement amended accordingly. The deeds were delivered and recorded. Immediately thereafter the plaintiffs learned from an inquiry addressed to the recorder of Orange County that the aforesaid lots 7 and 8 contained in the neighborhood of 10.80 acres and that, therefore, the land conveyed to Church contained in

the neighborhood of 9.80 acres (in fact 9.88 acres) and not nine acres merely. They at once wrote to Church stating the circumstances and demanding payment for the excess over nine acres on the basis of one thousand one hundred dollars per acre. The defendants having refused to comply with this demand, the plaintiffs instituted the present action.

The trial court found that the exchange or sale was by the acre at the fixed price of one thousand one hundred dollars per acre, and that the plaintiffs did not intend to convey the excess of .88 of an acre to the defendants and would not have conveyed this excess save through mutual mistake. Judgment was accordingly decreed for the plaintiffs in the sum of $973.50, or the value of .88 of an acre on the basis of one thousand one hundred dollars an acre, with interest at seven per cent and the costs of the action. No complaint is made as to the form of the judgment.

[1] Despite appellants' contention to the contrary, we find there is some evidence to support these findings. Thus the testimony of the witness La Due, a real estate broker, called on behalf of the plaintiff, is to the effect that when negotiating for the plaintiff with Church for the exchange, he specifically told Church that the price of the land in controversy was one thousand one hundred dollars an acre or eleven thousand dollars for the ten acres. That this was the ultimate understanding of the parties themselves is evidenced by the fact that when it was thought that the exchange involved not ten but nine acres, the contract was modified to cover the supposed deficiency in acreage by canceling the one thousand three hundred dollar mortgage and substituting in lieu thereof the payment of two hundred dollars in cash. If, as the appellant now contends, the agreement was for the sale in gross of property with fixed boundaries, he had received all the land he had bargained for at the price which he had agreed to pay therefor and there was no basis for the new agreement. The adjustment seems then to have been made on the theory that the land was sold on the basis of one thousand one hundred dollars an acre.

The words "more or less" as they appear in one or more of the written instruments involved in the exchange might ordinarily tend to show that the sale was one in gross rather than by the acre, but this would be so only in the absence of a showing, such as was made here, that it was the intent of the parties to the contract to consummate a sale by the

acre at so much per acre.  [2]  Where, as here, it is shown that the parties undertook the one to convey, and the other to receive, a tract of land at so much per acre, the words "more or less" in the instruments involved in the transaction cannot be said to conflict with the intent of the parties that payment should be made for the exact amount of land conveyed, be it "more or less" than the round number chosen to describe the acreage.  (*Hutchings* v. *Moore,* 61 Ky. (4 Met.) 110; *Paige* v. *Sherman,* 6 Gray (Mass.), 511; *Barnes* v. *Gregory,* 1 Head (Tenn.), 230.)

It is suggested rather than clearly contended that the findings of the trial court in the particulars stated rested in part upon parol proof which tended in a measure to alter or vary the terms of the written agreement of the parties and that, therefore, such proof was inadmissible.  [3]  The answer to this suggestion, however, is to be found in the fact that the record does not show any objection to such proof upon the ground that it was parol and proffered for the purpose of varying or altering the agreement of the parties.  [4]  Moreover, "this . . . is a case where the writing itself, through mistake, does not express the intention of the parties who entered into it, or one of them, and does not therefore contain the real contract between the parties."  (*Kee* v. *Davis,* 137 Cal. 456, [70 Pac. 294].)

[5]  The contention is made that the complaint does not state a cause of action because it fails to aver that the mutual mistake pleaded as a cause of action did not arise from the negligence of the plaintiff.  No demurrer, general or special, was interposed by the defendants.  If it be granted that such an allegation was essential to the statement of the plaintiffs' cause of action, still the fact that the plaintiffs' carelessness or neglect did not contribute to the mistake involved is fairly inferable from all the allegations of the complaint.  Therefore, in the absence of a demurrer, the complaint must be held sufficient to support the judgment.  (*Hyland* v. *Hyland,* 19 Or. 51, [23 Pac. 811].)

The judgment appealed from is affirmed.

Wilbur, J., and Melvin, J., concurred.