[Civ. No. 1897. Third Appellate District.—April 30, 1919.]

## J. W. MOSHER, Respondent, v. M. D. LACK, Appellant.

[1] VENDOR AND VENDEE — CONTRACT FOR SALE OF LAND — FRAUD AND MISTAKE—MATERIALITY OF MISTAKE—FINDING—EVIDENCE.—In this action to rescind a contract to purchase land on the ground that the contract was entered into as a result of false and fraudulent representations and mistake in regard to the amount of the land conveyed, the difference in value between the acreage received and the acreage intended to be sold was sufficient to justify the court in finding that the mistake was a material one when taken in connection with the plaintiff's testimony that he would not have entered into the contract had he not believed that the land contained the number of acres represented.

[2] ID.—CONSIDERATION OF PRICE PER ACRE—PRESUMPTION.—In such an action there is always a presumption that where the price per acre was considered, the quantity influenced the buyer as an inducement to pay the gross amount agreed upon.

[3] ID.—RESCISSION OF CONTRACT — RECOVERY OF VALUE OF IMPROVEMENTS.—Where the contract provided for the sale and purchase of an undivided one-half of the land, the court in adjudging a rescission of the contract on the grounds of false and fraudulent representations on the part of the vendor did not err in allowing the plaintiff to recover one-half of the value of the improvements placed upon the property.

[4] ID.—VALUE AND COST OF IMPROVEMENTS—EVIDENCE.—In such action to rescind the contract of purchase on the ground of false and fraudulent representations on the part of the vendor, the court

---

1. Right of purchaser to rescind contract of sale for breach by vendor in tendering less land than quantity contracted for, note, **Ann. Cas.** 1916D, 1154.

did not err in permitting the plaintiff and a civil engineer who was acquainted with the property to testify in regard to the cost and value of the improvements placed upon the land.

APPEAL from a judgment of the Superior Court of Glenn County. Wm. M. Finch, Judge. Affirmed.

The facts are stated in the opinion of the court.

Carr & Kennedy for Appellant.

George R. Freeman for Respondent.

BUCK, P. J., *pro tem.*—This is an action to rescind a contract to purchase lands on the ground that the contract was entered into as a result of false and fraudulent representations and mistake in regard to the amount of land conveyed. The case was tried by the court without a jury and findings were made establishing the mistake but negativing the fraudulent representations; a judgment was given for plaintiff from which this appeal is taken by the defendant under the alternative method.

By the terms of the contract in question, which was made on November 2, 1914, the appellant agreed to sell and the respondent agreed to buy, for the sum of six thousand three hundred dollars, an undivided one-half of a piece of land described by metes and bounds and "containing eighty acres more or less." The purchase price was to be paid as follows: one thousand five hundred dollars at the time of the making of the agreement, $650 twelve months thereafter, two thousand dollars two years thereafter; and as a credit upon the purchase price to the extent of nine hundred dollars, the respondent agreed to execute and deliver to the appellant a deed to certain real property in Shasta County known as the "old Graham place"; also the respondent agreed to assume one-half of a mortgage on the property in the sum of two thousand five hundred dollars.

On the issue of mistake plaintiff, in his complaint, alleges as follows: "That in order to induce plaintiff to purchase a half interest in and to said land and to enter into said contract, defendant informed plaintiff that the land described in said contract contained eighty acres of land and the pur-

chase price of a half interest therein was based on the belief that said land did contain eighty acres; that plaintiff at the time of entering into said contract and at the time he paid defendant the sum of one thousand five hundred dollars and at the time he executed the deed described in paragraph III hereof to defendant believed that said Glenn County land did so contain eighty acres and had no knowledge to the contrary until the month of May, 1915, when he caused a survey to be made and then discovered for the first time that said land did not contain eighty acres, but contained less than forty acres; that said land does not contain eighty acres and plaintiff would not have entered into said contract of November 2, 1914, had he not relied upon and acted upon the representation that said land did contain eighty acres; that plaintiff and defendant at the time of entering into said contract both believed that said land contained eighty acres and the purchase price of one-half interest therein was based upon the assumption by both parties that said land did contain eighty acres of land.'' Upon conflicting evidence, the court made a finding substantially in accordance with this allegation, except that the court found that the land contained only 55.64 acres, instead of only forty acres.

Counsel for appellant has filed able and instructive briefs. But his argument is based upon his contention that the foregoing basic finding ''is not supported by the evidence, but in certain respects is in conflict with other findings of the court and contrary to all the evidence.''

It is true that the testimony of plaintiff's witnesses is contradicted by witnesses for the defendant. But if the trial court believed the testimony of plaintiff's witnesses, the evidence in the record is sufficient to sustain the above finding. From the evidence offered on behalf of the plaintiffs it sufficiently appears that the contract upon which the minds of the parties met was a contract pertaining to a half interest in a piece of land which each of the parties at the time of the contract believed contained eighty acres of land, when, as a matter of fact, it contained only 55.64 acres, and that this mutual mistake was a material mistake and induced the plaintiff to enter into the contract.

Also, from the testimony on behalf of the plaintiff, it appears that the price per acre was considered by the parties at the time of the trade. So it was not simply a sale in gross.

The plaintiff's testimony is as follows: "Q. How was this figure [the price of the land] arrived at? A. I asked Mr. Lack what the value of this land was per acre, and he said that river bottom land such as that was, was worth from $175 to two hundred dollars an acre, but that the bank had appraised it at a little less than that, and he was willing to exchange on that appraisement that the bank had put on it, but he said 'we value the cleared land at $175 an acre.' So that was the basis on which we made the exchange. Q. At the time of your negotiation and fixing of this price between yourself and Mr. Lack how many acres were figured as cleared land A. Sixty-three acres. Q. Was there any other land besides that sixty-three acres cleared land figured? A. No cleared land. Q. Any other land? A. Yes, supposed to be a little less than twenty acres covered with timber. Q. What did Mr. Lack say about that portion of the land, if anything? A. That portion of the land was supposed to be put in at about one hundred dollars per acre. Q. If you did not believe at that time, Mr. Mosher, that there were eighty acres in that land would you have entered into this contract? A. No."

[1] The difference in value between the acreage received and the acreage intended to be sold was sufficient to justify the court in finding that the mistake was a material one when taken in connection with the plaintiff's testimony that he would not have entered into the contract had he not believed that the land contained eighty acres. [2] And there is always a presumption that where the price per acre is considered that the quantity influences the buyer as an inducement to pay the gross amount agreed upon. (*McComb* v. *Gelkeson,* 110 Va. 406, [135 Am. St. Rep. 944, and cases cited in note, 66 S. E. 77]; *McCombs* v. *Church,* 180 Cal. 233, [180 Pac. 535].)

The court evidently believed that the plaintiff was told by the defendant that the land contained eighty acres; also, probably believed that the knowledge and standing of the defendant was such that plaintiff would be justified in believing anything that the defendant might tell plaintiff about the land. From the testimony of defendant it appears that for ten years he had occupied the responsible position of county assessor in the county of Shasta, and he further tes-

tified that ''Mr. Mosher did not really say anything. He apparently didn't know anything about the land business. Really all the information he got I volunteered. Q. You volunteered you would take twelve thousand six hundred dollars? A. I did not. Q. You did volunteer that the bank had appraised the land at twelve thousand six hundred dollars? A. He asked me what I considered the property worth. Q. And you told him the bank had appraised it? A. Yes, I told him the only knowledge I had was that they appraised it at twelve thousand six hundred dollars. Q. Did you tell him why the bank appraisement was made? A. I don't know whether I did or not. Q. What did you know about the bank appraisement? A. I knew all about it. It was made at my request.'' The bank appraisement referred to was offered in evidence and the first words it contains relative to the appraisement are ''the place contains about eighty acres,'' and the appraisement which follows is based upon this acreage.

This evidence may have had some weight with the court in reaching the conclusion that the defendant at whose request this appraisement was made had an honest, though mistaken belief, that the land did contain eighty acres, and that the same information was given to the plaintiff in regard to the acreage of the land as was given to the appraiser of the bank when the appraisement was made by the bank at the request of the defendant.

So far as mistake and rescission are concerned, this case comes within the principles enunciated by our supreme court in the case of *Hannah* v. *Steinman,* 159 Cal. 142, [112 Pac. 1094]. See, also, *Johnson* v. *Withers,* 9 Cal. App. 52, [98 Pac. 42]; *Quarg* v. *Scher,* 136 Cal. 406, [69 Pac. 96]; *Eichelberger* v. *Mills Land and Water Co.,* 9 Cal. App. 628, [100 Pac. 117].

[3] The court did not err in allowing the plaintiff to recover one-half of the value of the improvements placed upon the property. (*Fountain* v. *Semi-Tropic L. Co.,* 99 Cal. 677, [34 Pac. 497].)

[4] The court did not err in permitting the plaintiff and the witness Stiles to testify in regard to the cost and value of the improvements placed upon the land. The witness Stiles was a civil engineer, and acquainted with the property,

and the plaintiff testified fully in regard to the cost of the items which entered into the value of the improvements.

Judgment is affirmed.

Hart, J., and Burnett, J., concurred.

A petition to have the cause heard in the supreme court, after judgment in the district court of appeal, was denied by the supreme court on June 26, 1919.

Angellotti, C. J., Shaw, J., Wilbur, J., and Olney, J., being all the Justices present, concurred.